IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

JAMES T. MILLER                                                                                    PLAINTIFFS
12215 Old Henry Road
Louisville, Kentucky 40223

AND

CYNTHIA K. MILLER
12215 Old Henry Road
Louisville, Kentucky 40223

                                                                    Case No.  __:18-cv-552-RGJ____

v.

                                                                    Judge_ Rebecca Grady Jennings_

FIFTH THIRD BANK, INC.                                                                          DEFENDANT
38 Fountain Square Plaza
Cincinnati, Ohio 45263

            SERVE:      Corporation Service Company
                        421 West Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## COMPLAINT

Come the Plaintiffs, James T. Miller and Cynthia K. Miller, by counsel, and for their Complaint against the Defendant, Fifth Third Bank, Inc. ("Fifth Third"), state as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence and violation of the Electronic Fund Transfers Act, 15 U.S.C. §1693 *et seq.* ("EFTA"), arising out of Fifth Third's unauthorized transfer of funds from Plaintiffs' joint checking account; Fifth Third's failure to comply with Plaintiffs' authorization to electronically transfer funds in connection with the closing of a refinance of certain of Plaintiffs' accounts; and Fifth Third's failure to investigate Plaintiffs' complaints regarding Fifth Third's unauthorized fund transfers and its failure to comply with Plaintiffs' fund transfer authorization.

## II. PARTIES

2. Plaintiff, James T. Miller, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 12215 Old Henry Road, Louisville, Kentucky 40223. Mr. Miller is the spouse of Plaintiff, Cynthia K. Miller.

3. Plaintiff, Cynthia K. Miller, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 12215 Old Henry Road, Louisville, Kentucky 40223. Mrs. Miller is the spouse of Plaintiff, James T. Miller.

4. Plaintiffs are "consumers" as that term is defined by the EFTA, 15 U.S.C. §1693a(6).

5. Defendant, Fifth Third, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

6. Fifth Third is a "financial institution" as that term is defined by the EFTA, 15 U.S.C. §1693a(9).

## III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the EFTA, 15 U.S.C. §1693m(g); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences

giving rise to this action occurred in Oldham County, Kentucky as a result of the Defendant doing business in Oldham County, Kentucky.

### IV. **FACTUAL BACKGROUND**

8. In August 2017, Plantiffs and Fifth Third were scheduled to close on a refinance of two of Plaintiffs' accounts. Specifically, Plaintiffs were to refinance a first mortgage on Plaintiffs' home at 12215 Old Henry Road in Louisville and a home equity line of credit ("HELOC").

9. At the time of the refinance, the first mortgage on Plaintiffs' home was held by the Bank of New York Mellon and serviced by Fifth Third, and the HELOC was held by Wells Fargo. During the pendency of Fifth Third's servicing Plaintiffs' first mortgage, Plaintiffs' mortgage payments were automatically deducted from Plaintiffs' joint Fifth Third checking account pursuant to Plaintiffs' autopay authorization to Fifth Third.

9. The refinance closing was scheduled to take place on August 10, 2017. Immediately subsequent to the refinance, Fifth Third was to pay off the first mortgage to Bank of New York Mellon and the HELOC to Wells Fargo. In addition, and also immediately after the closing, Fifth Third was to pay off various credit cards belonging to Plaintiffs with monies from the newly funded HELOC.

10. At the closing on August 10, 2017, Plaintiffs, based on a discrepancy in the amount due from Plaintiffs at the closing, discovered that Fifth Third, without any authorization from Plaintiffs and in direct violation of Plaintiffs' autopay authorization and instructions, failed to fund Plaintiffs' August 2017 mortgage payment. At no time prior to the refinance closing, or at any time, did Plaintiffs authorize Fifth Third to cease funding automatic mortgage payments. Fifth Third's failure to make the August 2017 mortgage payment resulted in Plaintiffs having to pay additional interest and late fees in connection with the late payment. In addition, and adding insult

to injury, Fifth Third reported the late payment to the credit bureaus which adversely affected Plaintiffs' credit ratings.

11. Upon its discovery of its failure to make the mortgage payment, Fifth Third acknowledged its error and promised Plaintiffs that the late mortgage payment would not be deducted from Plaintiffs' joint checking account. On August 15, 2017, however, Plaintiffs discovered that Fifth Third had in fact deducted the late mortgage payment from Plaintiffs' checking account without any authorization or permission from Plaintiffs and in direct violation of its promise to Plaintiffs and Plaintiffs' instructions. Fifth Third's unauthorized transfer of funds from Plaintiffs' checking account resulted in an overdraft of the account and Plaintiffs' incurring fees and penalties in connection with the overdraft.

12. During the closing on August 10, 2017, Plaintiffs executed a document titled Authorization to Disburse Funds from New Line of Credit ("the Authorization") in which Plaintiffs authorized Fifth Third to advance funds from the new HELOC to Prominent Title in the amount of $208,000 in payment of the first mortgage. The first mortgage payoff was to take place upon the expiration of the three day rescission period, i.e., on or before midnight, August 14, 2017.

13. Subsequent to the closing, however, Plaintiffs discovered that Fifth Third, in violation of the EFTA and the terms of Fifth Third's agreement with Plaintiffs, failed to timely fund the mortgage payoff to Prominent Title and the payoff of the original HELOC to Wells Fargo. In fact, Plaintiffs later discovered that the new HELOC was not funded by Fifth Third until August 22, 2017, eleven days after the August 10 closing.

14. Finally, prior to the August 10, 2017 closing, Plaintiffs authorized Fifth Third's electronic monthly payments on the credit card accounts Plaintiffs intended to pay off after the closing with funds from the new HELOC. Prior to the closing, Plaintiff, James T. Miller, expressed

concern to Fifth Third employee Bart Doerhoefer about the timely payment of these accounts. Mr. Miller, in fact, offered to come to the Fifth Third branch on Hurstbourne Lane in Louisville after the funding of the HELOC to assure payment of these accounts. Mr. Doerhoefer, however, assured Plaintiff that Fifth Third would timely pay off the credit card accounts after the expiration of the three day rescission period, i.e., on or before midnight August 14, 2017.

15. Subsequent to the closing, however, Plaintiffs discovered that Fifth Third had failed to make timely payments on the credit card accounts. Fifth Third's failure to pay the credit accounts resulted in Plaintiffs' incurring late fees in connection with the payments and has adversely affected Plaintiffs' credit ratings.

16. Immediately after the closing, Plaintiff, James T. Miller, repeatedly requested in written correspondence, in person, and by telephone, that Fifth Third investigate its handling of Plaintiffs' electronic fund transfers and demanded that Fifth Third provide an explanation for its failure to meet its duties to Plaintiffs and to comply with the EFTA. Fifth Third, however, failed to reasonably investigate its handling of the transactions and failed to provide to Plaintiffs any reasonable explanation for its actions.

### V. CLAIMS

#### Negligence

17. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. Fifth Third's failure to fund previously authorized electronic fund transfers, its electronic transfer of funds without authorization from Plaintiffs, and its failure to reasonably investigate Plaintiffs' disputes concerning Fifth Third's fund transfers were negligent under applicable law. In failing to to fund previously authorized electronic fund transfers, transfering funds without authorization from Plaintiffs, and failing to reasonably investigate Plaintiffs'

disputes, Fifth Third breached its duties to Plaintiffs and acted with conscious disregard for Plaintiffs' rights.

19. Fifth Third's failure to fund previously authorized electronic fund transfers, its electronic transfer of funds without authorization from Plaintiffs, and its failure to reasonably investigate Plaintiffs' disputes concerning Fifth Third's fund transfers has caused and continues to cause damage to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, Plaintiffs' incurring liability for additional interest and late fees, and other compensatory and consequential damages.

20. Fifth Third's failure to fund previously authorized electronic fund transfers, its electronic transfer of funds without authorization from Plaintiffs, and its failure to reasonably investigate Plaintiffs' disputes concerning Fifth Third's fund transfers were willful and wanton, entitling Plaintiffs to punitive damages therefor.

## Violation of the EFTA

21. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Fifth Third's failure to fund previously authorized electronic fund transfers and its electronic transfer of funds without authorization are in violation of Fifth Third's duties under the EFTA, 15 U.S.C. §1693f.

23. Fifth Third's failure to reasonably investigate Plaintiffs' disputes concerning Fifth Third's fund transfers is in violation of Fifth Third's duties under the EFTA, 15 U.S.C. §1693h(1). In addition, Fifth Third knowingly and willfully concluded that its actions were not in error when such conclusion could not reasonably have been drawn from the evidence available to Fifth Third at the time of its investigation, entitling Plaintiffs to treble damages under the EFTA, 15

U.S.C. §1693f(e)(2).

24. Pursuant to 15 U.S.C. §1693m, Fifth Third's violations of the EFTA entitle Plaintiffs to statutory, compensatory, consequential, and treble damages and to payment of Plaintiffs' attorneys' fees and costs.

WHEREFORE, Plaintiffs, James T. Miller and Cynthia K. Miller, respectfully demand the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential, treble, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle
Suite 100-C
Louisville, KY  40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiffs*

U.S.C. §1693f(e)(2).

24. Pursuant to 15 U.S.C. §1693m, Fifth Third's violations of the EFTA entitle Plaintiffs to statutory, compensatory, consequential, and treble damages and to payment of Plaintiffs' attorneys' fees and costs.

WHEREFORE, Plaintiffs, James T. Miller and Cynthia K. Miller, respectfully demand the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential, treble, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle
Suite 100-C
Louisville, KY  40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiffs*